UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAIWAN BREVARD,<br>*Plaintiff*,<br><br>v.<br><br>DOE, *et al.*,<br>*Defendants*. | CASE NO. 3:23-cv-33 (KAD)<br><br><br><br><br>FEBRUARY 7, 2023 |

**INTIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Plaintiff, Kaiwan Brevard ("Brevard"), currently confined at New Haven Correctional Center, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Brevard names two defendants in the case caption, Correctional Officer Doe and Nurse Jane Doe, both identified as working at New Haven Correctional Center. In the body of the complaint, Brevard adds a third defendant, Nurse Doe working at MacDougall-Walker Correctional Institution. Brevard contends that he contracted COVID-19 while incarcerated. For relief, Brevard seeks a writ of habeas corpus, or $10,000.[1]

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

---

[1] Preliminarily, Brevard may not seek a writ of habeas corpus in a section 1983 action. *See Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) (distinguishing relief available under section 1983 from that available in a petition for writ of habeas corpus and noting that release is available only by filing a petition for writ of habeas corpus). The request for such a writ is therefore dismissed and may not be repled.

[they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Brevard includes the following factual allegations: "I caught COVID on the 21st of February and they sent me to [MacDougall-Walker Correctional Institution] for 2 weeks and they didn't want me to tell my family and friends about my situation. I couldn't believe I caught COVID and haven't caught it until I came to this facility." ECF No. 1 at 4.

**Discussion**

Brevard does not identify any constitutional violations in the complaint. The Court construes the complaint as bringing a claim for deliberate indifference to health and safety. Brevard states that he is a pretrial detainee.

Deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether . . . by deliberate indifference to conditions of confinement, or otherwise." *Id.* at 35. To state a deliberate indifference claim, Brevard first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and

mental soundness." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)). Brevard also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

As Brevard alleges that he contracted COVID-19 while incarcerated, he has satisfied the first component of the deliberate indifference test. *Chunn v. Edge*, 465 F. Supp. 3d 168, 200– 01 (E.D.N.Y. 2020) (courts consistently have held that "an inmate can face a substantial risk of serious ham in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." (citing cases)).

However, Brevard includes no allegations describing the actions of any defendant. Thus, he has not shown that any defendant acted intentionally, or recklessly failed to act with reasonable case. Accordingly, Brevard's claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (court may not "invent factual allegations" that the plaintiff has not pleaded). Brevard may file an amended complaint if he can allege facts describing specific actions taken by each defendant showing that the defendant recklessly failed to act with reasonable care to mitigate his contracting COVID-19.

If Brevard files an amended complaint, he must list at least one defendant by name in the case caption. The Court cannot arrange service upon unnamed defendants.

**Conclusion**

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Brevard may file an amended complaint if he can allege facts correcting the deficiencies

3

identified in this order. Any amended complaint shall be filed by **March 9, 2023**.

If no amended complaint is filed within the time specified, the Clerk of the Court is directed to close this case on **March 10, 2023**.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of February 2023.

                                                 */s/ Kari A. Dooley*
                                                 KARI A. DOOLEY
                                                 UNITED STATES DISTRICT JUDGE